LEWIS AND ROCA LLP
LAWYERS

40 North Central Avenue
Phoenix, Arizona 85004-4429

Sean D. Garrison (State Bar No. 014436)
Direct Dial: (602) 239-7434
Direct Fax: (602) 734-3939
E-mail: SGarrison@LRLaw.com

Shane Olafson (State Bar No. 024605)
Direct Dial: (602) 262-5327
Direct Fax: (602) 734-3756
E-mail: SOlafson@LRLaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dial Manufacturing, Inc., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Essick Air Products, Inc., an Arkansas corporation; and Champion Cooler Corp., a Texas corporation,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

For its Complaint, Plaintiff Dial Manufacturing, Inc. ("Dial") alleges as follows:

**PARTIES**

1. Plaintiff Dial is an Arizona corporation with its principal place of business in Phoenix, Arizona. Dial manufactures and sells replacement parts for evaporative coolers.

2. Defendant Essick Air Products, Inc. ("Essick Air") is an Arkansas corporation with its principal place of business in Little Rock, Arkansas. Essick Air manufactures and sells evaporative coolers and related cooler products.

3. Defendant Champion Cooler Corp. ("Champion") is a Texas corporation with its principal place of business in Little Rock, Arkansas. Champion is a subsidiary of Essick Air and also manufactures and sells evaporative coolers and related cooler products.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 271, *et seq*.

5. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over the Defendants because Defendants have each caused or contributed to the manufacturing, importing, sale, offering for sale, and/or distribution of products in this judicial district that infringe Dial's patent rights and, as a result, Dial has been injured in this judicial district.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

**DIAL'S BUSINESS AND PATENT**

8. Dial has designed, manufactured and provided reliable replacement parts for the evaporative cooler industry since 1965, including cooler fittings, electrical accessories, pumps, motors, thermostats, and switches, among other things.

9. Dial is the owner by assignment of all right, title, and interest in and to United States Patent No. 5,568,000 (the "Dial Patent") entitled "Multiple Pole, Shaded Pole Subfractional-Horsepower Induction Motor," which duly and legally issued in the name of John Hanneken on October 22, 1996. A copy of the Dial Patent is attached hereto as Exhibit A.

10. Without Dial's authorization, Defendants have made, used, offered to sell, sold, and/or imported into the United States evaporative cooler water pumps and pump motors that infringe at least claims 1 and 5, and possibly others, of the Dial Patent (the "Infringing Products").

11. Defendants import, offer for sale and/or sell Infringing Products on the website www.coolerstore.essickair.com, including Model P-5G-BF (Part No. 110438) and perhaps others. Upon information and belief, Defendants have sold one or more Infringing Products from this website into Arizona.

12. Upon information and belief, Defendants make, offer to sell, sell and/or import various evaporative coolers that incorporate Infringing Products, including the UltraCool CP25, UltraCool EC302, Tradewinds Gadabout M150, BFC 2200, and perhaps

others. Defendants evaporative coolers that incorporate Infringing Products have been sold to retailers and are available to customers in Arizona.

**COUNT I**

**(PATENT INFRINGEMENT)**

13. Dial re-alleges each and every allegation set forth in paragraphs 1 through 12 above, and incorporates them by reference herein.

14. Dial has standing to sue for infringement of the Dial Patent because it is the owner of the Dial Patent.

15. Defendants have infringed, and continue to infringe, the Dial Patent by making, using, offering to sell, selling, and/or importing into the United States, the Infringing Products.

16. Defendants infringement has caused and continues to cause irreparable harm to Dial, which has no adequate remedy at law and will continue to be injured unless and until this Court enters a preliminary and permanent injunction prohibiting further infringement and, specifically, enjoining Defendants and all others who have notice of the injunction from further manufacture, use, offer for sale, sale and importation of products that fall within the scope of claims of the Dial Patent.

17. Dial is entitled to recover damages from Defendants in an amount adequate to compensate Dial for the infringement that has occurred and that will continue to occur until an injunction is issued by the Court.

**RELIEF REQUESTED**

A. Judgment that the Defendants have infringed the Dial Patent in violation of 35 U.S.C. § 271;

B. A preliminary and permanent injunction prohibiting Defendants, and their affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, from infringing, contributing to the infringement of, and inducing infringement of the Dial Patent;

C. An award of damages in accordance with 35 U.S.C. § 284, together with




interest thereon running from the first date of infringement until such damages are paid;

D An award of treble damages in the event of a finding that Defendants' infringement is willful;

E. An award of Dial's costs, plus an award of its reasonable attorney's fees in accordance with 35 U.S.C. § 285; and

F. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Dial demands a jury trial on all triable issues raised in this Complaint.

RESPECTFULLY SUBMITTED this 19th day of April, 2010.

LEWIS AND ROCA LLP

By /s/ Sean D. Garrison
Sean D. Garrison
Shane E. Olafson
*Attorneys for Dial Manufacturing, Inc.*